Hatch, J.
The plaintiff claims the right to recover damages for breach of a contract of hiring. So far as important here, the contract, if there be one, is embodied in certain letters and telegrams. These may be stated thus. The plaintiff previous to the alleged contract resided at Dover, in the state of New Hampshire. The defendant resided and carried on business at the city of Buffalo, N. Y. On the 8th of November, 1886, plaintiff wrote defendant applying for work. On the 9th the defendant replied, asking what pay would be expected. On the 15th, plaintiff replied $1,200, which upon the trial was construed to mean that sum per year. On the 10th of December following defendant answered, stating that he desired a man to take a place in his factory as head man under a Mr. Hall, and *112 if they could agree, in time to take his place, that in the meantime he could not pay as much for a superintendent, asking a reply. Plaintiff" responded under date of 13th inst., in which he says: “If you will pay me $2.50 per day to start in with, I will accept, and will leave the rest to your best judgment hereafter as to my work and ability, and I would like to commence work the 1st of January; so please answer as soon as possible.” Plaintiff not receiving a reply on the 30th following, he telegraphed, “ Please wire your decision in regard to me.” Under same date defendant wired: “I expect you to come and work for me. I have written to-day.” This was followed by a letter, which contains the following: “ Our shop is now and will be for a month upside down. We are putting on two new stories, so that if you wish to make a visit at your home or among your friends, I should prefer that you should not get here until about the middle of Jajnuary, as you will then find things looking unpleasant enough, for until the building is completed and our belt shop is ready things must, of course, be topsy turvey.”
Upon this evidence the court upon the trial held and ■charged the jury that it constituted a hiring upon the part ■of defendant at the compensation of $2.50 per day, and an acceptance and agreement to perform labor on the part of the plaintiff, and that such contract, by its terms, was to commence on the 15th day of January, 188T. I am now of opinion that such holding and charge was error. A critical examination of these documents clearly shows that the only object upon which it can be said the minds of the parties met is the compensation to be made for the service per day. The telegram in answer to the plaintiff did not contain an acceptance of the offer or a direction to come, it was simply the expression of an expectation. The letter which followed did accept the price, but not in terms anything else. Its language was that defendant expected to be ready with his belt shop and the two stories in about a month. This letter was written on the 20th of December, and for plaintiff to reach there about the middle of January. If this was all the letter contained, the charge that the contract was to be operative from the 15th of January might be upheld, but this clause is followed by the statement, “for until the building is completed and our belt shop is ready, things must of course be topsy turvy.” In construing; this and the other letters, regard must be had to the subject matter of the contract; that was the manufacture of belts, and this, if performed at all, must be done at defendant’s place of business. The letter thus indicates, and while mentioning a time, in one sense it was the expression of an opinion as to when the shop would be ready *113 for the purpose contemplated, but that until it reached completion it would be in a state of confusion and useless. I, therefore, think the language used is susceptible of a construction that the contract was only to become operative when the building should be completed. In this view it was error for the court to charge that the contract was to take effect on the 15th day of January.
This question was one of fact and should have been submitted to the jury for their determination. The charge is not aided by the oral testimony, as the plaintiff and defendant are in direct conflict upon the precise point. Upon "the whole evidence the jury could find either way and its verdict be upheld. The plaintiff in his complaint alleges the contract; then alleges a tender of performance on his part, and a refusal to permit performance on the part of defendant, and then demands damages. The action is thus seen to be one for the recovery of damages for a breach of the contract. The court held and charged the jury that plaintiff’s measure of damages was the price agreed to be paid under the contract from the time of the breach down to the commencement of the action, less the sum plaintiff had earned. In this I think the court erred. No specified time of service was mentioned, either party had the right to terminate it on any day- after the commencement of performance without liability to the other. According to the allegation of the complaint, defendant refused to permit plaintiff to enter upon it, he therefore became liable to respond in damages. Prima facie the measure of damage is the sum agreed to be paid. Howard v. Daly, 61 N. Y., 362-371; Everson v. Powers, 89 id., 527; Bigelow v. Powder Mf’g Co., 39 Hun, 599
The error of the court consisted in permitting the jury to consider the contract as a continuing one after the breach. The breach having been made, the rights and liabilities of the parties become fixed. Under the complaint and this contract, the plaintiff was limited in his recovery to the price of one days’ service. It is not necessary here to determine whether the plaintiff has a cause of action for the acts of the defendant happening after the breach of the contract, for under the complaint that question is not here, and no motion was made to amend, upon the trial, to conform the pleading to the proof.
The motion for a new trial should be granted and a new ■ trial ordered, with ten dollars costs to abide the event.